IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------- X
NOVARTIS PHARMACEUTICALS                       :
CORPORATION, NOVARTIS AG,                      :
NOVARTIS PHARMA AG,                            :
NOVARTIS INTERNATIONAL                         :
PHARMACEUTICAL LTD., and                       :  FILED
PROTERRA AG,                                   :  ELECTRONICALLY
                                               :
                Plaintiffs,                    :  CIVIL ACTION NO.: 04-CV-06045 (RMB)
                                               :
       v.                                      :
                                               :
DR. REDDY'S LABORATORIES, LTD., and            :
DR. REDDY'S LABORATORIES, INC.,                :
                                               :
                Defendants.                    :
------------------------------------------------------- X
```

## PLAINTIFFS' REPLY TO DEFENDANTS' COUNTERCLAIMS

Plaintiffs Novartis Pharmaceuticals Corporation, Novartis AG, Novartis Pharma AG, Novartis International Pharmaceutical Ltd., and Proterra AG (collectively "Plaintiffs") reply to the Counterclaims of Defendants Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. (collectively "Reddy") as follows:

## PARTIES

1. Plaintiffs admit the allegations of paragraph 1 of the counterclaims.

2. Based on Defendants' response to paragraph 8 of the complaint, Plaintiffs admit the allegations of paragraph 2 of the counterclaims.

3. Plaintiffs admit the allegations of paragraph 3 of the counterclaims.

4. Plaintiffs admit the allegations of paragraph 4 of the counterclaims.

5. Plaintiffs admit the allegations of paragraph 5 of the counterclaims.

6. Plaintiffs admit the allegations of paragraph 6 of the counterclaims.

7. Plaintiffs admit the allegations of paragraph 7 of the counterclaims.

## JURISDICTION AND VENUE

8. Plaintiffs admit that there is an actual controversy between Defendants and Plaintiffs, and that this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a). The remainder of paragraph 8 of the counterclaims does not allege facts to which a response is required.

9. Plaintiffs admit that this Court has personal jurisdiction over Plaintiffs for this case.

10. Plaintiffs admit that venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

## THE ACTUAL CONTROVERSY

11. Plaintiffs admit the allegations of paragraph 11 of the counterclaims.

12. Plaintiffs admit the allegations of paragraph 12 of the counterclaims.

13. Plaintiffs admit that United States Patent No. 4,948,807 ("the '807 patent") and United States Patent No. 5,602,176 ("the '176 patent") are listed at the URL www.fda.gov/cder/ob/default.htm in connection with NDA No. 20-823 for Exelon® 1.5, 3, 4.5 and 6 mg capsules. Plaintiffs deny the remaining allegations of paragraph 13 of the counterclaims.

14. Plaintiffs admit that Proterra AG is the owner of the '807 patent and Novartis AG is the owner of the '176 patent, but otherwise deny the remaining allegations of paragraph 14 of the counterclaims.

15. Plaintiffs admit the allegations of paragraph 15 of the counterclaims.

16. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the counterclaims, and therefore deny them.

17. Plaintiffs admit that they received a letter dated July 2, 2004 from Defendants purporting to set forth factual and legal bases in support of a paragraph IV certification. Plaintiffs deny the remaining allegations of paragraph 17 of the counterclaims.

18. Plaintiffs admit the allegations of paragraph 18 of the counterclaims and refer to the complaint for what it states.

19. Plaintiffs admit that an actual and justiciable controversy exists regarding the '807 and '176 patents by virtue of Defendants' filing of a paragraph IV certification with the FDA for the generic DRL Rivastigmine Product. Plaintiffs deny the remaining allegations of

paragraph 19 of the counterclaims and repeat their responses to paragraphs 1-18 as if fully set forth herein.

## FIRST CLAIM FOR RELIEF

### Declaratory Judgment of Noninfringement Of the '807 Patent and the '176 Patent

20. Plaintiffs repeat the responses set forth in paragraphs 1-19 as if fully set forth herein.

21. Plaintiffs admit that Defendants purport to seek a declaration that Defendants' filing of an ANDA seeking FDA approval to manufacture, market and sell the generic DRL Rivastigmine Product does not infringe any claim of the '807 and '176 patents. Plaintiffs deny the remaining allegations of paragraph 21 of the counterclaims.

## SECOND CLAIM FOR RELIEF

### Declaratory Judgment of Invalidity of Claims 3-4 of the '807 Patent and All Claims of the '176 Patent Under § 103

22. Plaintiffs repeat the responses set forth in paragraphs 1-19 as if fully set forth herein.

23. Plaintiffs admit that Defendants purport to seek a declaration that claims 3 and 4 of the '807 patent and claims 1-6 of the '176 patent are invalid under 35 U.S.C. § 103 based on obviousness. Plaintiffs deny the remaining allegations of paragraph 23 of the counterclaims.

## THIRD CLAIM FOR RELIEF

### Declaratory Judgment of Invalidity
### [sic: of] the '807 Patent and the '176 Patent Under §§ 101 and 112

24. Plaintiffs repeat the responses set forth in paragraphs 1-19 as if fully set forth herein.

25. Plaintiffs admit that Defendants purport to seek a declaration that each and every claim of the '807 patent and of the '176 patent is invalid under 35 U.S.C. §§ 101 and 112, for lack of utility, lack of enablement, inoperability and inadequate written description. Plaintiffs deny the remaining allegations of paragraph 25 of the counterclaims.

## FOURTH CLAIM FOR RELIEF

### Declaratory Judgment of Invalidity
### of the '176 Patent Under § 102(b)

26. Plaintiffs repeat the responses set forth in paragraphs 1-19 as if fully set forth herein.

27. Plaintiffs admit that Defendants purport to seek a declaration that claims 1-3 of the '176 patent are invalid under 35 U.S.C. § 102(b). Plaintiffs deny the remaining allegations of paragraph 27 of the counterclaims.

## FIFTH CLAIM FOR RELIEF

### Declaratory Judgment of Invalidity and Unenforceability of the '176 Patent Under the Doctrine of Prosecution Laches

28. Plaintiffs repeat the responses set forth in paragraphs 1-19 as if fully set forth herein.

29. Plaintiffs admit that Defendants purport to seek a declaration that each and every claim of the '176 patent is invalid and unenforceable under the doctrine of prosecution laches. Plaintiffs deny the remaining allegations of paragraph 29 of the counterclaims.

## SIXTH CLAIM FOR RELIEF

### Declaratory Judgment of Unenforceability of the '807 Patent Under the Doctrine of Inequitable Conduct

30. Plaintiffs repeat the responses set forth in paragraphs 1-19 as if fully set forth herein.

31. The phrase "closely homologous" is vague and ambiguous. Accordingly, plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the counterclaims, and therefore deny them.

32. The term "homologous" is vague and ambiguous. Accordingly, plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the counterclaims, and therefore deny them.

33. Plaintiffs deny the allegations of paragraph 33 of the counterclaims.

34. Plaintiffs deny the allegations of paragraph 34 of the counterclaims.

35. Plaintiffs admit the allegations of paragraph 35 of the counterclaims.

36. Plaintiffs admit the allegations of paragraph 36 of the counterclaims.

37. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegation that Michael Chorev was a citizen of Israel as of March 5, 1985. Plaintiffs admit the remaining allegations of paragraph 37 of the counterclaims.

38. Plaintiffs admit the allegations of paragraph 38 of the counterclaims.

39. Plaintiffs admit the named inventors signed a declaration dated May 8, 1986 that was submitted to the U.S.P.T.O during the prosecution of the '466 application, refer to the declaration for what it discloses, and deny the remaining allegations of paragraph 39 of the counterclaims.

40. Paragraph 40 of the counterclaims contains no allegation of fact and therefore no response is required.

41. Paragraph 41 of the counterclaims contains no allegation of fact and therefore no response is required.

42. Plaintiffs refer to the '807 patent specification for what it discloses and deny the remaining allegations of paragraph 42 of the counterclaims.

43. Plaintiffs refer to the '807 patent specification for what it describes and deny the remaining allegations of paragraph 43 of the counterclaims.

44. Plaintiffs refer to the '807 patent specification for what it discloses and deny the remaining allegations of paragraph 44 of the counterclaims.

45. Plaintiffs refer to J. Meltzer & H. B. A. Welle, *Insecticidal Activity of Substituted Phenyl* N-*Methylcarbomates*, 12 ENT. EXP. & APPL. 169 (1969), for what it discloses and deny the remaining allegations of paragraph 45 of the counterclaims.

46. Plaintiffs understand that a -$CH_3$ group is present at the end of each line segment where no substituent is depicted, and on that basis admit that the chemical formula set forth in paragraph 46 of the counterclaims is one way to represent a formula of miotine. Plaintiffs deny the remaining allegations of paragraph 46 of the counterclaims.

47. Plaintiffs understand that a -$CH_3$ group is present at the end of each line segment where no substituent is depicted, and on that basis admit that the chemical formula set forth in paragraph 47 of the counterclaims is one way to represent a formula of KD1261. Plaintiffs deny the remaining allegations of paragraph 47 of the counterclaims.

48. Paragraph 48 of the counterclaims contains no allegation of fact and therefore no response is required.

49. The phrase "close homologous compounds" is vague and ambiguous. Accordingly, plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 of the counterclaims, and therefore deny them.

50. Paragraph 50 of the counterclaims requires claim interpretation, which is a question of law not fact, and therefore no response is required.

51. Paragraph 51 of the counterclaims requires claim interpretation, which is a question of law not fact, and therefore no response is required.

52. Plaintiffs refer to the '807 patent for what it states and deny the remaining allegations of paragraph 52 of the counterclaims.

53. Plaintiffs refer to the '807 patent for what it states and deny the remaining allegations of paragraph 53 of the counterclaims.

54. Plaintiffs refer to the publication entitled Ching-Chieh Yu et al., *Acetycholinesterase Inhibition by Substituted Phenyl N-Alkyl Carbamates*, [No. 3] 20 J. AGR. FOOD CHEM. 537 (1972), for what it discloses. The term "substrate specificity" is vague and ambiguous. Accordingly, plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54 of the counterclaims, and therefore deny them and the remaining allegations of paragraph 54 of the counterclaims.

55. Plaintiffs refer to the publication entitled Ching-Chieh Yu et al., *Acetycholinesterase Inhibition by Substituted Phenyl N-Alkyl Carbamates*, [No. 3] 20 J. AGR. FOOD CHEM. 537 (1972), for what it discloses. Plaintiffs refer to the prosecution history of the '807 patent for what was disclosed, and to the paragraphs following paragraph 55 of defendants' counterclaims for what they describe, respectively, and repeat plaintiffs' response to those paragraphs as if fully set forth herein. The term "substrate specificity" is vague and ambiguous. Accordingly, plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 of the counterclaims, and therefore deny them and the remaining allegations of paragraph 55 of the counterclaims.

56. The allegation of paragraph 56 is vague and ambiguous. Accordingly, plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 of the counterclaims, and therefore deny them.

57. Plaintiffs admit the allegations of paragraph 57 of the counterclaims.

58. The term "acted upon" is vague and ambiguous. Accordingly, plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the counterclaims, and therefore deny them.

59. The terms "substrate specificity" and "particular kind" are vague and ambiguous. Accordingly, plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 of the counterclaims, and therefore deny them.

60. The term "substrate specificity" is vague and ambiguous. Accordingly, plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 60 of the counterclaims, and therefore deny them. Plaintiffs also deny the allegations of the second and third sentences of paragraph 60 of the counterclaims.

61. The term "substrate specificity" is vague and ambiguous, and accordingly, plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 61 of the counterclaims, and therefore deny them. The term "destruction" is vague and ambiguous, and accordingly, plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 61 of the counterclaims, and therefore deny them.

62. The terms "compartment" and "destruction" are vague and ambiguous. Accordingly, plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 of the counterclaims, and therefore deny them.

63. The terms "acts on" and "expelled" are vague and ambiguous. Accordingly, plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 of the counterclaims, and therefore deny them.

64. The term "attacks" is vague and ambiguous. Accordingly, plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 of the counterclaims, and therefore deny them.

65. The term "substrate specificity" is vague and ambiguous. Accordingly, plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 of the counterclaims, and therefore deny them.

66. The terms "sensitive" and "binding group" are vague and ambiguous. Accordingly, plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 of the counterclaims, and therefore deny them.

67. The term "known" is vague and ambiguous as to whom, thus plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 67 of the counterclaims, and therefore deny them. Plaintiffs admit the allegations of the second sentence of paragraph 67 of the counterclaims.

68. Plaintiffs deny the allegations of paragraph 68 of the counterclaims.

69. Plaintiffs refer to K. B. Augustinsson, *Cholinesterases*, [Supp. 52] 15 ACTA PHYSIOL. SCAND., 1-182 (1948) for what is discloses. The term "substrate specificity" is vague and ambiguous, as is the term "appreciated" to the extent it does not specify to whom. Accordingly, plaintiffs are without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 69 of the counterclaims, and therefore deny them and the remaining allegations of paragraph 69 of the counterclaims.

70. The term "acyl specificity" is vague and ambiguous, and accordingly, plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of the first and second sentences of paragraph 70 of the counterclaims, and therefore deny them. Plaintiffs deny the allegations of the third sentence of paragraph 70 of the counterclaims.

71. Plaintiffs deny the allegations of paragraph 71 of the counterclaims.

72. The terms "substrate specificity" and "duration of action" are vague and ambiguous. Accordingly, plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 of the counterclaims, and therefore deny them.

73. Plaintiffs refer to the publication entitled Ching-Chieh Yu et al., *Acetycholinesterase Inhibition by Substituted Phenyl N-Alkyl Carbamates*, [No. 3] 20 J. AGR. FOOD CHEM. 537 (1972), for what it discloses. The terms "substrate specificity" and "as explained below" are vague and ambiguous. Accordingly, plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 of the counterclaims, and therefore deny them and the remaining allegations of paragraph 73 of the counterclaims.

74. Plaintiffs refer to the publication entitled Ching-Chieh Yu et al., *Acetycholinesterase Inhibition by Substituted Phenyl N-Alkyl Carbamates*, [No. 3] 20 J. AGR.

FOOD CHEM. 537 (1972), for what it discloses, and deny the remaining allegations of paragraph 74 of the counterclaims.

75. The term "duration of action" is vague and ambiguous. Accordingly, plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 of the counterclaims, and therefore deny them.

76. Plaintiffs refer to the publication entitled Ching-Chieh Yu et al., *Acetycholinesterase Inhibition by Substituted Phenyl N-Alkyl Carbamates*, [No. 3] 20 J. AGR. FOOD CHEM. 537 (1972), for what it discloses. The terms "substrate specificity" and "discussed above" are vague and ambiguous. Accordingly, plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 of the counterclaims, and therefore deny them and the remaining allegations in paragraph 76 of the counterclaims.

77. Plaintiffs deny the allegations of paragraph 77 of the counterclaims that "[i]t would not be surprising or unexpected to one of ordinary skill in the art to find that the therapeutic activity of the compounds claimed in the '807 patent, including the compound of claim 3, after 3 hour subcutaneous administration, higher than the activity, of the close homologous compounds with shorter N-alkyl chains such as the prior art compounds, (*i.e.*, miotine and the Meltzer Compound.)" Plaintiffs refer to the publication entitled Ching-Chieh Yu et al., *Acetycholinesterase Inhibition by Substituted Phenyl N-Alkyl Carbamates*, [No. 3] 20 J. AGR. FOOD CHEM. 537 (1972), for what it discloses. The terms "substrate specificity" and "close homologous compounds" are vague and ambiguous. Accordingly, plaintiffs are without

knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 73 of the counterclaims, and therefore deny them.

78. Plaintiffs refer to the publication entitled Ching-Chieh Yu et al., *Acetycholinesterase Inhibition by Substituted Phenyl N-Alkyl Carbamates*, [No. 3] 20 J. AGR. FOOD CHEM. 537 (1972), for what it discloses. The terms "substrate specificity", "duration of action" and "close homologous compounds" are vague and ambiguous. Accordingly, plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 of the counterclaims, and therefore deny them and the remaining allegations of paragraph 78 of the counterclaims.

79. The term "close homologs" is vague and ambiguous. Accordingly, plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79 of the counterclaims, and therefore deny them.

80. The term "close homologous compounds" is vague and ambiguous, as is the timing of the knowledge alleged. Accordingly, plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80 of the counterclaims, and therefore deny them.

81. Plaintiffs refer to the specification and prosecution history of the '807 patent for what they disclose, and deny the remaining allegations of paragraph 81 of the counterclaims.

82. Plaintiffs refer to the prosecution history of the '807 patent for the Office Actions issued by the PTO Examiner, and deny the remaining allegations of paragraph 82 of the counterclaims.

83. Plaintiffs refer to the prosecution history of the '807 patent for the responses or amendments that were filed, and deny the remaining allegations of paragraph 83 of the counterclaims.

84. Plaintiffs refer to the January 23, 1987 Office Action issued by the Examiner during the prosecution of the '466 parent application for its contents, and deny the remaining allegations of paragraph 84 of the counterclaims.

85. Plaintiffs refer to the October 11, 1988 Office Action issued by the Examiner during the prosecution of the '451 application for its contents, and deny the remaining allegations of paragraph 85 of the counterclaims.

86. Plaintiffs refer to Applicants' December 9, 1988 Amendment for its contents, and deny the remaining allegations of paragraph 86 of the counterclaims.

87. Plaintiffs refer to Applicants' December 9, 1988 Amendment for its contents, and deny the remaining allegations of paragraph 87 of the counterclaims.

88. Plaintiffs refer to Applicants' December 9, 1988 Amendment for its contents, and deny the remaining allegations of paragraph 88 of the counterclaims.

89. Plaintiffs refer to the February 28, 1989 Amendment for its contents, and deny the remaining allegations of paragraph 89 of the counterclaims.

90. Plaintiffs refer to the prosecution of the '700 Application for its contents, and deny the remaining allegations of paragraph 90 of the counterclaims.

91. Plaintiffs deny the allegations of paragraph 91 of the counterclaims.

92. Plaintiffs refer to the publication entitled Ching-Chieh Yu et al., *Acetycholinesterase Inhibition by Substituted Phenyl N-Alkyl Carbamates*, [No. 3] 20 J. AGR.

FOOD CHEM. 537 (1972) for what it discloses, and to the prosecution of the '807 patent for what it discloses. The term "substrate specificity" is vague and ambiguous. Accordingly, plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92 of the counterclaims, and therefore deny them and the remaining allegations of paragraph 92 of the counterclaims.

93. Plaintiffs refer to the publication entitled Ching-Chieh Yu et al., *Acetycholinesterase Inhibition by Substituted Phenyl N-Alkyl Carbamates*, [No. 3] 20 J. AGR. FOOD CHEM. 537 (1972), for what it discloses. The term "substrate specificity" is vague and ambiguous. Accordingly, plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 93 of the counterclaims, and therefore deny them and the remaining allegations of paragraph 93 of the counterclaims.

94. Plaintiffs refer to the prosecution history of the '807 patent for what it discloses, and deny the remaining allegations of paragraph 94 of the counterclaims.

95. Plaintiffs refer to the '807 patent and the prosecution of the '466, '451 and '700 applications, for what they disclose, and deny the remaining allegations of the first sentence of paragraph 95 of the counterclaims. The second sentence of paragraph 95 of the counterclaims requires claim interpretation, which is a question of law not fact, and therefore no response is required.

96. Plaintiffs refer to the '807 patent specification for what it discloses, and deny the remaining allegations of paragraph 96 of the counterclaims.

97. Plaintiffs refer to the EXELON® package insert for its contents, and deny the remaining allegations of paragraph 97 of the counterclaims.

98. Plaintiffs deny the allegations of paragraph 98 of the counterclaims.

99. Plaintiffs deny the allegations of paragraph 99 of the counterclaims.

100. Plaintiffs deny the allegations of paragraph 100 of the counterclaims.

101. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 101 of the counterclaims, and therefore deny them.

102. The term "substrate specificity" is vague and ambiguous. Accordingly, plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 102 of the counterclaims, and therefore deny them and the remaining allegations of paragraph 102 of the counterclaims.

103. The term "substrate specificity" is vague and ambiguous. Accordingly, plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 103 of the counterclaims, and therefore deny them and the remaining allegations of paragraph 103 of the counterclaims.

104. Plaintiffs deny the allegations of paragraph 104 of the counterclaims.

105. The term "substrate specificity" is vague and ambiguous. Accordingly, plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 105 of the counterclaims, and therefore deny them and the remaining allegations of paragraph 105 of the counterclaims.

106. Plaintiffs deny the allegations of paragraph 106 of the counterclaims.

107. Plaintiffs deny the allegations of paragraph 107 of the counterclaims.

*   *   *

108. Plaintiffs deny that Defendants are entitled to any of the relief or demands set forth at pages 8 and 40 of Defendants' Answer and Counterclaims, or to any other relief with respect to the counterclaims.

Dated: November 8, 2004

*[signature]*

Robert L. Baechtold (RB 6866)
Nicholas N. Kallas (NK 1084)
Diego Scambia (DS 0296)
Gregory B. Sephton (GS 6416)
FITZPATRICK, CELLA, HARPER & SCINTO
30 Rockefeller Plaza
New York, NY 10112-3801
Phone: (212) 218-2100
Facsimile: (212) 218-2200

Attorneys for Plaintiffs
Novartis Pharmaceuticals Corporation,
Novartis AG,
Novartis Pharma AG,
Novartis International Pharmaceutical Ltd., and
Proterra AG

## CERTIFICATE OF SERVICE

I, David M. Conca, Esq. hereby certify that on November 8, 2004, a copy of the PLAINTIFFS' REPLY TO DEFENDANTS' COUNTERCLAIMS was caused to be filed electronically and therefore served upon the following attorney through the Court's transmission facilities pursuant to Fed. R. Cir. P. 5(b)(2)(D) and Local Rule 5.2:

        Maurice N. Ross, Esq.
        Budd Larner
        150 John F. Kennedy Pkwy.
        Short Hills, NJ 07078-0999

_____
David M. Conca, Esq.